NORMAN B. GRANTHAM, SR., v. WILLIAM MYERS, GREEN MOTOR LINES, INC., AND ROBERTSON PRODUCE COMPANY.

(Filed 1 May, 1957.)

**Automobiles § 43—**

    Two trucks, traveling in opposite directions, sideswiped each other, resulting in injury to plaintiff's car, which was following one of the trucks. The evidence tended to show that one of the trucks was driven on its right side of the highway at a lawful speed and at no time prior to the accident crossed the center line to its left. *Held:* The motion to nonsuit by the owner of such truck should have been allowed in the action by the owner of the car against both truck owners.

APPEAL by defendant Vernon L. Robertson, trading as Robertson Produce Company, from *Hobgood, J.,* September Term 1956 of JOHNSTON.

This is an action instituted in the Small Claims Division of the Superior Court of Johnston County to recover for damages to plaintiff's automobile resulting from a motor vehicle collision which occurred on 27 December 1955, about 11:00 p.m., between the trucks of the defendants Green Motor Lines, Inc., and Vernon L. Robertson, trading as Robertson Produce Company, hereinafter called Robertson.

The truck of the Green Motor Lines, Inc., was proceeding south on U. S. Highway No. 301 near the southern end of the Neuse River bridge about two miles south of the Town of Smithfield. The bridge across the Neuse River is 28 feet wide. Robertson's truck was proceeding north on the said highway and had just entered the southern end of the bridge when the trucks sideswiped each other. Plaintiff's automobile, a family purpose car, was being driven by his son, Joe Grantham, on said highway and was following the Robertson truck. After the trucks sideswiped each other, the truck of Green Motor Lines, Inc., jackknifed and damaged the plaintiff's car in the alleged sum of $845.00.

His Honor heard the plaintiff's evidence (the defendants offered no evidence) and answered the issues as follows:

"1. Was the plaintiff's automobile damaged by the negligence of the defendants, as alleged in the complaint? Answer: Yes.

"2. What amount, if any, is the plaintiff entitled to recover on account of his damages? Answer: $400.00."

From the judgment entered on the verdict the defendant Robertson appeals, assigning error.

*E. V. Wilkins for plaintiff appellee.*

*Grover A. Martin and Albert A. Corbett for Green Motor Lines, Inc., defendant appellee.*

*Smith, Leach, Anderson & Dorsett for defendant appellant.*

STATE *v.* MESHAW.

PER CURIAM. The principal assignment of error is to the failure of the court below to sustain the motion of defendant Robertson for judgment as of nonsuit.

We have carefully examined the plaintiff's evidence and it fails to show that Robertson's truck crossed the center line of the highway to its left at any time prior to the accident, or that it was traveling at an excessive or unlawful rate of speed. In fact, the driver of plaintiff's automobile testified: "The truck ahead of me had been traveling at a speed of 45 miles an hour and was on his own side of the road going in a straight path. It had not been zigzagging or anything else but had been proceeding properly in its own lane of traffic. I never saw it get out of its own lane of traffic. It was not driving in a way that made me take any special notice of it. I was directly behind it. My headlights were burning and I saw the truck. As far as I know it was always on its side of the road."

We have reached the conclusion that the motion for judgment as of nonsuit interposed by the defendant Robertson should have been allowed.

Reversed.